IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Kenneth A. Hinton
    Plaintiff,

Vs.

Case No. 08-00778-(RWR)

Corrections Corporation of America
    Defendant,

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) of Fed Rules of Civil Procedures**

**NOW COMES,** the Plaintiff, Kenneth A. Hinton submits his herein response and opposition to the defendant's motion to dismiss his verified complaint regarding this civil action against the defendant Corrections Corporation of America in the captioned matter.

**STATEMENT OF POINTS & AUTHORITIES**

**I. FACTUAL BACKGROUND**

Plaintiff filed his Complaint against Corrections Corporation of America in this Court alleging in his sworn affidavit/statement of claims facts regarding the defendant's negligence and medical malpractice regarding its failure to provide the Plaintiff with his medically ordered prescribed eyeglasses. Whereby, such resolution of this case through litigation would be just due to the fact that the Plaintiff has stated a claim pursuant to D.C. Code and Law.

Defendant alludes that it has no "responsibility for health care at CTF," yet the Defendant provides no such documentation to support such contention that it is exempt, absolved and under no obligation to provide the requisite medical care for which the Defendant had him receive under their approval via a third

RECEIVED
AUG 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

party contractor who was responsible for seeing that the Plaintiff's eyeglasses were provided to him via the Defendant.

Whereby, as the Plaintiff has averred in his affidavit/statement of facts dated April 10, 2008, *(see attached Exhibit A)* the Defendant CCA assumed custody of the Plaintiff and was obligated to provide him with all such medical care and treatment pursuant to its contract with the District of Columbia while the Plaintiff was held in the Defendant's custody.

As a matter of fact the Plaintiff states concisely in his statement of claim that Defendant was cognizant during the course of his eye examinations that he had been prescribed eyeglasses that he needed to see and be free of any vision impairments per the medical order of the examining physician.

Whereby, whether the Defendant had or had not any contractual obligation, responsibility or liability in providing such medical services to the Plaintiff is a moot issue, due to the fact that Defendant established such responsibility by scheduling the Plaintiff for appointments to receive such medical care and treatment and moreover, defendant depended upon the Defendant to provide such requisite care as he had been informed by the CCA staff that they were responsible for such care to be administered to him per its contract with the D.C. Dept of Corrections.

WHEREAS, at all times while the Plaintiff was in the custody and care of the Defendant its medical officials and staff were very much aware of the facts regarding the Plaintiff's medial condition. Plaintiff as averred in his complaint and affidavit presented numerous inmate grievances regarding the sub-standard care and treatment that the Defendant was in breach of providing. Plaintiff has alleged that he experienced such deprivation in order to state a cognizable State and Constitutional claim under the Eighth Amendment and has provided sufficient documentation to show that he suffered actual harm and injury by not

being provided his prescribed eyeglasses as ordered by a bonafide medical professional contracted by the Defendant to provide such services to the Plaintiff.

Whereby, the Plaintiff utilized the requisite administrative remedies that the Defendant had in place and afforded him the opportunity to rectify the issues of the Defendant's negligence and medical malpractice that they knew would present substantial risk to the Plaintiff, yet, they choose to ignore those risks and therefore caused substantial harm to the Plaintiff's medical welfare.

### A. Defendant CCA owed Plaintiff a duty of care under D.C. Law with respect to his prescribed eyeglasses being provided to him and other medical care

As stated in the Modification of the Operations and Management Agreement of April 1, 2003, the agreement between the District of Columbia and Corrections Corporation of America, Section 5.4.5 was deleted and replaced with the following: " The District shall indemnify, hold harmless and defend CCA, its employees, agents, servants and representatives from and against any and all claims and demands of whatever nature, regardless of the merit thereof…"

Whereas, the contract between the Defendant CCA and the District of Columbia limits the District's indemnity obligations were it "shall not extend to any act or failure to act by Operator(*Defendant CCA*) that inhibited the District's ability to render proper medical service, and the Operator shall indemnify the District for any such act or failure to act." *(See attached Exhibit B)*

Whereby, it appearing to the Court that the Plaintiff has file his pro se civil action with the averments of such "failure of the Defendant to render proper medical service" and care as alleged by Plaintiff, this Court must accept as true all of the Plaintiff's factual assertions contained in his affidavit/statement of claim and in his verified complaint. See *Neal 963 F,2d at 456, also see Plaintiff's attached Affidavit/Statement of Claim, as Exhibit A)*

NOW, THEREFORE, in consideration of the foregoing Plaintiff, Kenneth A. Hinton, pro se has successfully made a showing as mentioned herein regarding the factual allegations in his complaint, as averred has further suffered a manifest of injustice by the Defendant's attempt to dismiss his complaint and in its inaction of not responding to his discovery requests,

WHEREFORE, the Plaintiff reasserts to this Court to take judicial notice that the plaintiff has been very ill and incapacitated as a result of his unexpected illness and will need the assistance of the Court's Civil Pro Bono Panel for the limited purpose of assisting him in deciding whether and on what terms to settle this matter and to further notify the Court of the outcome of any such mediation sessions, accordingly.

Plaintiff hereby requests that the Defendant's motion to dismiss his complaint be denied and that all issues proceed to mediation and or trial by jury as averred.

Dated: August 27, 2008

Respectfully submitted,

Kenneth A. Hinton
Plaintiff, Pro se
2200 Wilson Blvd., Suite 102-004
Arlington, VA 22201
(Ph): 571-228-4424

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via first class mail, postage prepaid to the Clerk of this Court and to the Defendant's Attorney(s) of record by placing same in the U.S. Mail on this 27th day of August, 2008.

Signed: _____

## STATEMENT OF CLAIM
## PURSUANT TO 28 U.S.C. 1746, et seq.

On or about May 14, 2007 while an inmate housed and under the care of ("CCA/CTF") medical officials I submitted a inmate grievance regarding the fact that I had not received the prescribed eyeglasses for which (Dr. Barry) the CCA/CTF contract opthalmologist recommened and issued an medical order for me to receive pursuant to my eye exam with him on or about November 15, 2006. As a proximate result of having to wait six months for the delivery of such prescribed eyeglasses that was never delivered to me I have suffered ongoing blurred and diminshed vision, anxiety, insomnia, post-traumatic stress, and emotional/mental anguish and distress.

On or about May 21, 2007 I again submitted Medical Grievance No. 07-299 complaining again to the ("CCA/CTF") medical staff that I had not received the delivery of my prescribed eyeglasses pursuant to Dr. Barry's November 15, 2006 examination of me and medical order. As a proximate result of this ongoing delay of such delivery of my prescribed eyeglasses I continued to suffer with unreasonable pain and impaiment of my vision for which continued to diminish thus causing me more emotional and mental anguaish, anxiety, insomnia, PTSS, and other medical discomforts associated with the ("CCA/CTF") medical staff deliberate indifference, negligence and breach of care and duty to deliver my prescribed eyeglasses to me.

On or about June 25, 2007 I again submitted Medical Grievance No. 07-332 complaining for a third time that I had not received the prescribed eyeglasses that I needed pursuant to the opthalmologist's November 15, 2006 medical order, thus causing me to endure further unreasonable pain and suffering resulting in my vision being impaired and diminished.

On or about July 12, 2007 I again submitted Medical Grievance No. 07-346 complaining again to the ("CCA/CTF") medical staff that I had not received the prescribed eyeglasses pursuant to the opthalmolgist's November 15, 2006 medical examination of me for such eyewear, nor had I received any follow-up regarding the "re-examination" of me by another ("CCA/CTF") contract opthalmologist who informed me that I would receive my prescribed eyeglasses within four weeks. As a result of the new opthalmologist (Dr. Boschulte) examination of me I received no follow-up exam regarding my ongoing pain in my eyes, nor did I receive the delivery of my prescribed eyeglasses pursuant to Dr. Barry's iniatial medical order for me to have such prescribed eyeglasses.

On or about August 2, 2007 I again submitted Medical Grievance No. 07-350 complaining again to the ("CCA/CTF") medical staff "for a fifth time", regarding the fact that after waiting over eight months I had not received the recommended prescribed eyeglasses pursuant to my first eye exam for such eyewear with Dr. Barry on November 15, 2006, nor pursuant to the "re-examination" of me by Dr. Boschulte on or about July 9, 2007.

On or about August 15, 2007 I received delivery of a pair of eyeglasses that was not in compliance to the prescription for which I was examined for by Dr. Barry or Dr. Boschulte. The eyeglasses were not feasible for me to see through nor did they allow me tohave adequate vision.

As a proximate result of not having the prescribed eyeglasses delivered to me pursuant to my numerous inmate grievances and the recommended medical orders of Dr. Barry and Dr. Boschulte, contract opthalmologist's for ("CCA/CTF"), I continue to suffer with ongoing mental anguish, emotional distress, diminished vision and anxiety.

Wherefore, due to the ("CCA/CTF") medical staff deliberate indifference, negligence, breach of care and duty and bad faith in not being diligent and reasonable in providing me such medical care as ordered, I seek redress and recompense for all averments within the stated causes of actions as mentioned herein.

As the facts are presented herein pursuant to the Inmate Grievance Procedures Policy No. 14-5, of the ("CCA")/("CTF") Policy/Procedures the plaintiff has/had adequately and properly presented his grievance for administrative remedy to no avail of any proper and timely resolve.

### RELIEF REQUESTED

Wherefore, the plaintiff hereby request that he be afforded a jury trial of twelve jurors regarding his averred claims herein.

1) The plaintiff hereby seeks redress and recompense for compensatory damages in the amount of $300,000.00 on all averments of his verified complaint herein;

2) The plaintiff hereby seeks redress and recompense for punitive damages in the amount of $700,000.00 on all averments of the verified complaint herein;

3) The plaintiff hereby request that he receive the payment of any attorney fees/costs that he may encounter to resolve this claim and that he be awarded payment for any related medical costs associated with his therapuetic treatment for his ongoing Post-Traumatic Disorders, Emotional and Mental Distress attributed by the defendant's gross malfeasance, accordingly.

Signed this 10th day of April, 2008.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing statement of claim is true and correct to the best of my recollection.

4/10/08
_____
(Date)

_____
(Signature of Plaintiff)

Exhibit B

# MODIFICATION #4 OF THE OPERATIONS AND MANAGEMENT AGREEMENT

by and between

## THE DISTRICT OF COLUMBIA

and

## CORRECTIONS CORPORATION OF AMERICA

THIS MODIFICATION OF THE OPERATIONS AND MANAGEMENT AGREEMENT (the "Agreement") is made and entered into as of April 1, 2003, by and between THE DISTRICT OF COLUMBIA, a municipal corporation (the "District") and CORRECTIONS CORPORATION OF AMERICA, a corporation duly organized and existing under the laws of Delaware (the "Operator" or "CCA").

WITNESSETH:

WHEREAS, the District entered into the Agreement, dated January 30, 1997, with the Operator to operate and maintain the Correctional Treatment Facility;

WHEREAS, the District desires to assume Operator's food service obligations under the Agreement;

WHEREAS, the District has assumed Operator's medical service obligations under the Agreement; and

WHEREAS, the Parties desire to amend the Agreement accordingly;

NOW, THEREFORE, for and in consideration of the foregoing and the promises and mutual covenants hereinafter contained, and subject to the conditions herein set forth, the District and the Operator hereby covenant, agree, and bind themselves as follows:

Section 5.4.5 shall be deleted and replaced with the following: "The District shall assume all liability for the provision of all medical services for inmates housed at the Facility and shall render such services in accordance with the Operating Standards, and the Operator shall have no liability therefor. In the event the District fails to provide proper medical services and/or the District's manner of providing medical services interferes with the Operator's ability to comply with Operating Standards shall be considered a material failure for the purposes of Section 9.2.2. The Contract Monitor

Ex B (cont)

shall administer all inmate grievances related to medical service, and the Operator shall have no responsibility or liability therefor except as set forth herein. The District shall indemnify, hold harmless and defend CCA, its employees, agents, servants and representatives from and against any and all claims and demands of whatever nature, regardless of the merit thereof, which may be asserted against CCA its employees, agents, servants or representatives related to the provision of medical service by the District or the District's subcontractor. The District's indemnity obligation shall not extend to any act or failure to act by Operator that inhibited the District's ability to render proper medical service, and the Operator shall indemnify the District for any such act or failure to act. In the event CCA desires the District to provide medical screening for potential CCA employees, the District shall provide such service at a rate of $100.00 per potential employee. Other medical services provided by the medical services provider for CCA employees will be charged at the prevailing rates within the District. The District shall reimburse Operator for compensation paid by Operator to CCHPS for services rendered to Facility inmates from November 1, 2002 through March 31, 2003."

**REDACTED**