**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KENNETH A. HINTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-778 (RWR)** |
| | ) | |
| **CORRECTIONS CORPORATION OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Kenneth A. Hinton, a prisoner proceeding pro se and in forma pauperis at the time,[1] filed this complaint against the Corrections Corporation of America, alleging that the defendant violated the law by not timely providing him appropriate prescription eyeglasses when he was in defendant's custody at the Central Treatment Facility ("CTF") in the District of Columbia. The defendant has filed a motion to dismiss and the plaintiff has filed an opposition. Because the defendant has shown that the defendant did not, and had no obligation to, provide eye care or other medical services to the inmates housed at the CTF at any time relevant to this complaint, the complaint will be dismissed for failure to state a claim upon which relief may be granted as to this defendant.

BACKGROUND

Using a form for claims brought under 42 U.S.C. § 1983, the complaint alleges that defendant did not furnish plaintiff with prescription eyeglasses that had been prescribed for him in November 2006 while plaintiff was confined in the CTF. Compl. at 5. The complaint alleges

---

[1] Plaintiff has since been released from imprisonment.

that plaintiff suffered "blurred and diminished vision, anxiety, insomnia, post-traumatic stress, and emotional/mental anguish and distress" and "other medial discomforts associated with the "deliberate indifference, negligence and breach of care and duty to deliver [his] prescribed eyeglasses to [him]." *Id.*

The defendant has moved to dismiss the complaint for failure to state a claim upon which relief may be granted against this defendant, contending that at all times relevant, the defendant did not, and was not obligated to, provide prescription eye care or services, or any other kind of medical services, to CTF inmates.

DISCUSSION

A court may dismiss a complaint or any portion of it for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A court considering such a motion to dismiss must assume that all factual allegations are true, even if they are doubtful. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged"). A court need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must [a] court accept legal conclusions cast in the form of factual allegations." *Kowal,* 16 F.3d at 1276.

In deciding a motion brought under Rule 12(b)(6), a court is restricted from considering matters "outside" the pleadings. Fed. R. Civ. P. 12(d) (requiring treatment as a motion for summary judgment if matters "outside" the pleadings are considered by the court). Matters that are not "outside" the pleadings a court may consider on a motion to dismiss include "the facts

alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," *Gustave-Schmidt v. Chao,* 226 F. Supp. 2d 191, 196 (D.D.C. 2002), or documents "upon which the plaintiff's complaint necessarily relies" even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss. *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998); *Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47-48 (2d Cir. 1991) (explaining that where the plaintiff's complaint has necessarily relied on a document but not made that document an integral part of the complaint by attaching it or incorporating it by reference and the defendant presents the document in a motion to dismiss, a court may consider the document without converting the motion to one for summary judgment); *see also Marshall v. Honeywell Technology Solutions, Inc.,* 536 F. Supp. 2d 59, 65 (D.D.C. 2008) ("[W]here a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion [to dismiss] to one for summary judgment.") (internal quotation and citation omitted); *Marsh v. Hollander,* 339 F. Supp. 2d 1, 5 n.4 (D.D.C. 2004) (same); *Vanover v. Hantman,* 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd* Fed. App'x 4, 2002 WL 1359630 (D.C. Cir. 2002) (same). In addition, a court may consider "matters about which the Court may take judicial notice." *Gustave-Schmidt,* 226 F. Supp. 2d at 196. A court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The plaintiff's entire case rests in the first instance on whether the defendant had a duty to provide health care to the plaintiff. That, of course, depends on the terms of the contract between

the District of Columbia and the defendant. By pleading that the defendant had a duty to provide him with eye treatment and care, the plaintiff's complaint necessarily rests on the contract, although it did not incorporate the contract. Thus, the pertinent provisions of the District's contract with the defendant may be considered on this motion to dismiss without converting the motion to one for summary judgment.

The defendant submitted a copy of provisions of the contract with its motion to dismiss, *see* Mot. to Dismiss, Exs. 2 (contract) and 3 at ¶ 4 (Decl. of Jennifer L. Holsman authenticating copy of contract), and the defendant does not challenge the authenticity of the submitted contract provisions. They establish that the defendant had no duty to provide eye care and treatment to the plaintiff. In addition, it is "generally known" in this trial jurisdiction and "not subject to reasonable dispute" that the defendant corporation is not under contract with the District of Columbia to provide medical or heath care, or eye care, services to the inmates at the CTF. Fed. R. Evid. 201(b). Rather, at all times relevant to this complaint, another entity, not a defendant in this action, was the sole provider of health care services to the inmates at the CTF. *See* Mot. to Dismiss at 1-2 and n.1. For purposes of this motion, judicial notice is taken of these facts. Because the defendant had no duty to provide health care or eye care services to the plaintiff while he was an inmate in the CTF, the complaint fails to state a claim against the defendant for failure to provide appropriate eye care, treatment, and glasses.

CONCLUSION

Because the defendant had no duty to provide eye glasses, eye care, or eye treatment to the plaintiff while the plaintiff was in defendant's custody at the CTF, the complaint fails to state a claim upon which relief may be granted as to this defendant. Accordingly, the defendant's

motion will be granted and the complaint will be dismissed with prejudice. This determination constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

A separate order accompanies this memorandum opinion.

SIGNED this 11th day of June, 2009.

/s/
RICHARD W. ROBERTS
United States District Judge